No. 73–104. KIRKPATRICK ET AL. *v.* NEW YORK. Appeal from Ct. App. N. Y. dismissed for want of substantial federal question. MR. JUSTICE DOUGLAS, being of the view that state obscenity regulation is prohibited by the Fourteenth and First Amendments (see *Paris Adult Theatre I* v. *Slaton*, 413 U. S. 49, 70 (DOUGLAS, J.,

dissenting)), would note probable jurisdiction in this case and reverse judgment of conviction. 

MR. JUSTICE BRENNAN, with whom MR. JUSTICE STEWART and MR. JUSTICE MARSHALL concur, dissenting.

Appellant booksellers were convicted in the Criminal Court of the City of New York, New York County, of promoting, or possessing with intent to promote, obscene material, knowing its content and character, in violation of N. Y. Penal Law § 235.05. Appellants challenged the constitutionality under the First and Fourteenth Amendments of N. Y. Penal Law § 235.10 (1) (Supp. 1973–1974), which establishes a presumption that a seller of obscene material knows the contents of the material he sells. Section 235.10 (1) provides as follows:

"A person who promotes or wholesale promotes obscene material, or possesses the same with intent to promote or wholesale promote it, in the course of his business is presumed to do so with knowledge of its content and character."

Obscenity for purposes of §§ 235.05 and 235.10 is defined in § 235.00:

"1. 'Obscene.' Any material or performance is 'obscene' if (a) considered as a whole, its predominant appeal is to prurient, shameful or morbid interest in nudity, sex, excretion, sadism or masochism, and (b) it goes substantially beyond customary limits of candor in describing or representing such matters, and (c) it is utterly without redeeming social value. Predominant appeal shall be judged with reference to ordinary adults unless it appears from the character of the material or the circumstance of its dissemination to be designed for children

or other specially susceptible audience." *Id.,* § 235.00 (1967).

The Criminal Court of the City of New York, New York County, rejected appellants' constitutional attack upon § 235.10. 64 Misc. 2d 1055, 316 N. Y. S. 2d 37 (1970). The Appellate Term of the New York Supreme Court, First Judicial Department, entered an order affirming the judgments of conviction. 69 Misc. 2d 212, 329 N. Y. S. 2d 769 (1971). The New York Court of Appeals, with three judges dissenting, affirmed the order of the Appellate Term. 32 N. Y. 2d 17, 295 N. E. 2d 753 (1973).

It is my view that "at least in the absence of distribution to juveniles or obtrusive exposure to unconsenting adults, the First and Fourteenth Amendments prohibit the State and Federal Governments from attempting wholly to suppress sexually oriented materials on the basis of their allegedly 'obscene' contents." *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49, 113 (1973) (BRENNAN, J., dissenting). Since it is clear that, when tested by that constitutional standard, the word "obscene" in §§ 235.05 and 235.10, read as defined in § 235.00, renders §§ 235.05 and 235.10 unconstitutionally overbroad and therefore facially invalid, I disagree with the holding that the appeal does not present a substantial federal question, and therefore dissent from the Court's dismissal of the appeal.

For the reasons stated in my dissent in *Miller* v. *California,* 413 U. S. 15, 47 (1973), I would therefore vacate the judgment below and remand for further proceedings not inconsistent with my *Paris Adult Theatre I* dissent. In that circumstance, I have no occasion to consider at this time whether, if § 235.00 were properly narrowed, appellants' challenge to the constitutionality of § 235.10

would merit plenary review. See *Heller* v. *New York*, 413 U. S. 483, 494 (1973) (BRENNAN, J., dissenting).